J. S84043/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| TYREE WILSON, | : | No. 1551 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, April 30, 2018,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0007352-2009

BEFORE:  BENDER, P.J.E., OTT, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED FEBRUARY 27, 2019**

Tyree Wilson appeals from the April 30, 2018 order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

The PCRA court set forth the extensive factual history of this case in its July 11, 2018 opinion, and we need not reiterate it here.  (**See** PCRA court opinion, 7/11/18 at 3-6, quoting trial court opinion, 8/26/14 at 2-6.)  In sum, appellant was found guilty in a bench trial of two counts of first-degree murder and one count of possessing instruments of crime ("PIC")[1] in connection with the 2009 shooting deaths of Daheem White and Hassan Baldwin.  On May 9, 2012, the trial court sentenced appellant to two

---

[1] 18 Pa.C.S.A. §§ 2501(a) and 907, respectively.

consecutive life sentences on the murder convictions, and a concurrent two and one-half to five years' imprisonment for PIC. James S. Bruno, Esq. ("trial counsel"), represented appellant at trial.

On February 17, 2015, a panel of this court affirmed appellant's judgment of sentence, and our supreme court denied allowance of appeal on August 17, 2015. *Commonwealth v. Wilson*, 120 A.3d 382 (Pa.Super. 2015), *appeal denied*, 123 A.3d 331 (Pa. 2015). Appellant did not seek review with the United States Supreme Court. On March 22, 2016, appellant filed a timely *pro se* PCRA petition, and David Rudenstein, Esq. ("PCRA counsel"), was appointed to represent him. On May 9, 2017, PCRA counsel filed an amended petition on appellant's behalf, arguing that trial counsel was ineffective in failing to investigate or call the following five alibi witnesses: Lamont Priester[2]; Macdijon White; Donesha Williams; Denean Winston; and an individual identified only as "Miss Winston." (*See* letter brief in support of amended PCRA petition, 5/9/17 at 8.)

An evidentiary hearing was scheduled for August 4, 2017, but was ultimately continued at appellant's request. That same day, the PCRA court ordered appellant to provide the Commonwealth with the full names, addresses, dates of birth, and the substance of the proposed testimony of four of the five alleged witnesses, specifically White, Williams,

---

[2] This individual is also referred to as "Lamont **Priestly**" in both the PCRA court opinion and the Commonwealth's brief. (*See* PCRA court opinion, 7/11/18 at 2; Commonwealth's brief at 4.)

Denean Winston, and "Miss Winston," within 30 days of the next scheduled hearing. (PCRA court order, 8/4/17.) The evidentiary hearing was rescheduled for December 27, 2017, but was continued after appellant was unable to contact any of the aforementioned witnesses. On January 8, 2018, the PCRA court again ordered appellant to provide the Commonwealth with the full names, addresses, and statements of any witness he intended to call, and rescheduled the evidentiary hearing for February 28, 2018. (PCRA court order, 1/8/18.) On that date, Priester appeared and informed the PCRA court that he had no knowledge of the shooting and could not identify the shooter. (*See* PCRA court opinion, 7/11/18 at 10.). No other witnesses appeared or were called to testify on appellant's behalf.

The PCRA court rescheduled the evidentiary hearing for the fourth time on March 28, 2018, but no witnesses appeared. Thereafter, the PCRA court provided appellant with notice of its intention to dismiss his petition without a hearing, pursuant to Pa.R.Crim.P. 907(1). Appellant did not file a response to the PCRA court's Rule 907 notice. Thereafter, on April 30, 2018, the PCRA court entered an order dismissing appellant's petition without an evidentiary hearing. This timely appeal followed on May 30, 2018. On June 1, 2018, the PCRA court directed appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b), within 21 days. Appellant filed his timely Rule 1925(b) statement on

June 22, 2018, and the PCRA court filed its Rule 1925(a) opinion on July 11, 2018.

Appellant raises the following issue for our review:

> I. Did the [PCRA] Court err when it dismissed the PCRA petition without a hearing and before determining, through a hearing, whether trial counsel was ineffective for having failed to pursue an alibi defense when it was fresh?

Appellant's brief at 3.

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." ***Commonwealth v. Hickman***, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted). In order to be eligible for PCRA relief, a defendant must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). These issues must be neither previously litigated nor waived. 42 Pa.C.S.A. § 9543(a)(3).

To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must establish the following three factors: "first[,] the underlying claim has arguable merit; second, that counsel had no reasonable

basis for his action or inaction; and third, that Appellant was prejudiced."

***Commonwealth v. Charleston***, 94 A.3d 1012, 1020 (Pa.Super. 2014) (citation omitted), ***appeal denied***, 104 A.3d 523 (Pa. 2014).

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the [i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014) (internal quotation marks omitted; some brackets in original), citing 42 Pa.C.S.A. § 9543(a)(2)(ii). "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa.Super. 2011) (citation omitted), ***appeal denied***, 30 A.3d 487 (Pa. 2011). Additionally, counsel is not ineffective for failing to raise a claim that is devoid of merit. ***Commonwealth v. Ligons***, 971 A.2d 1125, 1146 (Pa. 2009).

Instantly, appellant argues that trial counsel was ineffective in failing "to pursue an alibi defense when it was fresh" by investigating or calling the following five alibi witnesses: Priester; White; Williams; Denean Winston; and an individual identified only as "Miss Winston." (Appellant's brief at 10-14.) Appellant contends that the PCRA court erred in failing to conduct an evidentiary hearing on this ineffectiveness claim prior to dismissing his petition. (***Id.***) We disagree.

Generally, a claim that counsel was ineffective for failing to investigate or call potential witnesses at trial requires a petitioner to establish that:

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

*Commonwealth v. Matias*, 63 A.3d 807, 810-811 (Pa.Super. 2013) (*en banc*) (citation omitted), *appeal denied*, 74 A.3d 1030 (Pa. 2013). "Counsel will not be found ineffective for failing to call a witness unless the petitioner can show that the witness's testimony would have been helpful to the defense." *Id.* at 811 (citation omitted).

Furthermore, we emphasize that "[t]here is no absolute right to an evidentiary hearing on a PCRA petition[.]" *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. 2008) (citation omitted), *appeal denied*, 956 A.2d 433 (Pa. 2008). A PCRA petitioner who seeks an evidentiary hearing on a claim that counsel was ineffective for failing to call alleged alibi witnesses is not required to attach sworn affidavits of proposed witnesses to his petition. *See Commonwealth v. Pander*, 100 A.3d 626, 641 (Pa.Super. 2014), *appeal denied*, 109 A.3d 679 (Pa. 2015). However, the petition must include "a signed certification as to each intended witness," setting forth the "witness's name, address, date of birth and the substance of the proposed testimony." *Commonwealth v. Brown*, 767 A.2d 576, 582 (Pa.Super.

2001); **see also** 42 Pa.C.S.A. 9545(d)(1).[3]  The PCRA court does not err in failing to conduct an evidentiary hearing where this information has not been provided.  **Brown**, 767 A.2d at 583.

---

[3] Section 9545(d)(1) provides, in relevant part, as follows:

> (i)    Where a petitioner requests an evidentiary hearing, the petition shall include a certification signed by each intended witness stating the witness's name, address, date of birth and substance of testimony and shall include any documents material to that witness's testimony.

> (ii)    If a petitioner is unable to obtain the signature of a witness under subparagraph (i), the petitioner shall include a certification, signed by the petitioner or counsel, stating the witness's name, address, date of birth and substance of testimony.  In lieu of including the witness's name and address in the certification under this subparagraph, counsel may provide the witness's name and address directly to the Commonwealth.  The certification under this subparagraph shall include any documents material to the witness's testimony and specify the basis of the petitioner's information regarding the witness and the petitioner's efforts to obtain the witness's signature.  Nothing in this subparagraph shall be construed to contravene any applicable attorney-client privilege between the petitioner and post conviction counsel.

> (iii)    Failure to substantially comply with the requirements of this paragraph shall render the proposed witness's testimony inadmissible.

42 Pa.C.S.A. § 9545(d)(1).

Here, our review of the record reveals no evidence that the aforementioned alibi witnesses were available at the time of appellant's May 2012 trial and/or were willing to testify on his behalf. ***See Matias***, 63 A.3d at 810-811. In fact, appellant provided no certification with respect to any of the aforementioned alleged alibi witnesses in either his ***pro se*** or amended PCRA petitions. On the contrary, the three "affidavits" from White, Williams, and Denean Winston that appellant attached to his ***pro se*** PCRA petition were signed by appellant rather than the alleged witnesses, pursuant to Section 9545(d)(1)(ii), but did not include their addresses or dates of birth. (***See pro se*** PCRA petition, 3/22/16; attachments.) Likewise, appellant did not offer any evidence whatsoever to prove the existence of an individual identified in appellant's petitions only as "Miss Winston." Additionally, appellant failed to provide the date of birth of alleged witness Lamont Priester. (***Id.*** at 7.) Appellant and PCRA counsel also failed to provide any of the witness information directly to the Commonwealth or the PCRA court, despite the fact that the PCRA court continued appellant's evidentiary hearing no less than four times to allow him the opportunity to do. (***See*** PCRA court order, 8/4/17; PCRA court order, 1/8/18.) The only alleged witness that did appear on appellant's behalf, Lamont Priester, informed the PCRA court that he had no knowledge of the shooting and could not identify the shooter. (***See*** PCRA court opinion, 7/11/18 at 10.)

Based on the foregoing, we agree with the PCRA court that trial counsel was not ineffective for failing to call any of appellant's purported alibi witnesses at trial. ***See Commonwealth v. Malloy***, 856 A.2d 767, 782 (Pa. 2004) (finding that counsel cannot be deemed ineffective for failing to call a witness that is unavailable or unwilling to testify). Accordingly, we discern no error on the part of the PCRA court in dismissing appellant's petition without conducting an evidentiary hearing. ***See Brown***, 767 A.2d at 583 (holding, "[s]ince Appellant failed to provide any certification with respect to potential witnesses, the [PCRA] Court clearly did not abuse its discretion by failing to conduct an evidentiary hearing."). Therefore, we affirm the April 30, 2018 order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/27/19